**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNETH GREGORY EDWARDS,<br><br>                               Petitioner,<br><br>    v.<br><br>CREEKSIDE MEADOWS<br>APARTMENTS INC.; SAN DIEGO<br>COUNTY SUPERIOR COURT,<br><br>                              Respondents. | Case No.:  26-cv-01687-DMS-DDL<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING PETITION SUA SPONTE**<br><br>**[ECF Nos. 1–2]** |

Petitioner Kenneth Gregory Edwards, appearing pro se, filed a petition for emergency injunctive relief ("Petition"), (Pet., ECF No. 1), and an application to proceed in forma pauperis ("IFP"), (IFP Appl., ECF No. 2).  Petitioner did not file a complaint; thus, the Court treats the Petition as his complaint.  For the foregoing reasons, the Court grants Petitioner's application to proceed IFP and dismisses the Petition sua sponte.

## I.    APPLICATION TO PROCEED IFP

In accordance with 28 U.S.C. § 1915 and Civil Local Rule 3.2, any action sought to be filed IFP "must be accompanied by an affidavit that includes a statement of all assets which shows inability to pay initial fees or give security."  S.D. Cal. Civ. R. 3.2.  Petitioner indicates that he receives no monthly income and is unemployed.  (IFP Appl. 1–2.)  He

reports $1.60 in a checking account and no other assets. (*Id.* at 2–3.) He estimates $1,951 in monthly expenses. (*Id.* at 3–4.) The Court finds that Petitioner cannot afford to pay the filing fee in this case and is eligible to proceed IFP pursuant to § 1915(a). Accordingly, the Court **GRANTS** Petitioner's IFP application.

## II.    SUA SPONTE SCREENING OF PETITION

### A. Legal Standard

Under 28 U.S.C. § 1915(e)(2), an IFP complaint (or, here, petition) must be screened by the Court. 28 U.S.C. § 1915(e)(2). The Court must sua sponte dismiss an IFP complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The standard for determining whether an IFP complaint fails to state a claim under § 1915(e)(2) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While the Court has an obligation to construe pro se pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it may not "supply essential elements of [claims] that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Discussion

Petitioner has been living at Respondent Creekside Meadows Apartment Inc. ("Creekside"). (Pet. 1.) In May 2024, a manager at Creekside returned Petitioner's rent payment and refused payment for ten months. (*Id.* at 1–2.) In addition to rent, Petitioner was billed a monthly maintenance fee. (*Id.* at 2.) A now-former office staff member told

Petitioner to ignore the maintenance fee bill because of his Section 8 status. (*Id.*) However, six months after moving in, Petitioner was told that he was responsible for this fee. (*Id.*) He was then told that non-payment was not grounds for eviction, and that he would be allowed to pay his debt incrementally. (*Id.*)

In June 2025, Creekside filed an unlawful detainer action in San Diego County Superior Court, alleging Petitioner did not pay rent. (*Id.*) Petitioner answered the unlawful detainer action on June 16, 2025, stating that the landlord refused to accept his rent payments and that "the amount alleged as rent was in fact maintenance fees." (*Id.*) On June 17, 2025, Creekside filed a request for dismissal. (*Id.*) Despite dismissing the action, Creekside continued to refuse Petitioner's rent payments for seven months until Petitioner paid his delinquent maintenance fees. (*Id.* at 2–3.) Petitioner began saving the monthly rent payments and informed his Veterans Affairs Supportive Housing counselor of such. (*Id.* at 2.) The counselor suggested that Petitioner contact the manager and arrange payment of fees; however, the manager did not respond to Petitioner or his counselor. (*Id.*) At an ex parte hearing on March 9, 2026, Petitioner told the state court that he could pay rent, but the state court "still ordered the lock-out." (*Id.* at 3.)

Petitioner "files this action in accordance with and pursuant to 42 USCS § 1940.8 and [California Civil] Code §2000a-3." (*Id.* at 1.) The Court construes Petitioner's claims as causes of action under 42 U.S.C. § 2000a-3 and California Civil Code § 1940.8.

    1.   <u>42 U.S.C. § 2000a-3</u>

Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*, provides: "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." *Floyd v. Saber Fitness Hegenberger, LLC*, No. 24-CV-01278-TSH, 2024 WL 2971669, at *8 (N.D. Cal. June 11, 2024) (citing 42 U.S.C. § 2000a(a)). "Section 2000a-3 creates a private cause of action to enforce § 2000a," of which "[o]nly injunctive and declaratory relief (and attorney's fees) may be awarded." *Evans v. Holiday Inns*, 951 F.

Supp. 85, 86 (Dist. Md. 1997) (citation omitted).  Here, Petitioner fails to establish that Creekside is a place of public accommodation, and he has not alleged that he faced discrimination or segregation based on his race, color, religion, or national origin from either Respondent.  Thus, Petitioner does not sufficiently assert a claim under § 2000a-3.

Additionally, § 2000a-3(c) requires plaintiffs to "give written notice of the alleged act of discrimination to the appropriate state or local agency if the state has a law prohibiting the alleged conduct," which California does.  *Floyd*, 2024 WL 2971669, at *8. (citing Cal. Civ. Code §§ 51, 52).  Petitioner may not "file suit under § 2000a until 30 days after he files written notice of the alleged discrimination." *Id.*  Petitioner does not allege that he followed this jurisdictional requirement, and thus, Petitioner's claim may be defective. *Id.* (citation omitted).  For these reasons, the Court **DISMISSES** Petitioner's § 2000a-3 claim.

### 2.  California Civil Code § 1940.8

The Court does not have jurisdiction over Petitioner's section 1940.8 claim—a state law claim.  Federal question jurisdiction applies only to the federal law claim, which is now dismissed.  Plaintiff has the burden to show the Court also has jurisdiction over the section 1940.8 claim, either through supplemental or diversity jurisdiction.  Plaintiff fails to sufficiently allege either.

Further, section 1940.8 provides that "[a] landlord of a residential dwelling unit shall provide each new tenant that occupies the unit with a copy of the notice provided by a registered structural pest control company . . . , if a contract for periodic pest control service has been executed."  Cal. Civ. Code § 1940.8.  The Petition does not allege there exists a contract for periodic pest control service or that Creekside failed to provide notice as required by section 1940.8.  Thus, the Court also **DISMISSES** this claim.

### III.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's application to proceed IFP and **DISMISSES** the Petition **with leave to amend**.  Petitioner may file a First Amended

Petition to cure the defects described above no later than **twenty one (21) days** from the date this Order is entered.

**IT IS SO ORDERED.**

Dated: March 23, 2026

Hon. Dana M. Sabraw
United States District Judge

26-cv-01687-DMS-DDL