**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

KENNETH GREGORY EDWARDS,
Plaintiff,
v.
CREEKSIDE MEADOWS APARTMENTS INC.; SAN DIEGO COUNTY SUPERIOR COURT,
Defendants.

Case No.: 26-cv-01687-DMS-DDL

**ORDER DISMISSING AMENDED COMPLAINT SUA SPONTE WITH LEAVE TO AMEND**

**[ECF No. 4]**

Plaintiff Kenneth Gregory Edwards is proceeding pro se and in forma pauperis ("IFP"). The Court dismissed Plaintiff's original Petition sua sponte for failure to state a claim. (ECF No. 3.) Now, the Court must screen Plaintiff's Amended Complaint, (*see* Am. Compl., ECF No. 4), which the Court dismisses with leave to amend.

## I. FACTUAL BACKGROUND

The Court assumes the allegations are true while screening the Amended Complaint. In May 2024, Plaintiff, through the Department of Veteran Affairs' Veteran Affairs Supportive Housing program, leased a one-bedroom apartment from Defendant Creekside Meadows Apartment Inc. ("Creekside") in Alpine, California. (*Id.* at 2.) While Plaintiff believed his rent was his only financial obligation to Defendant, his June 2024 rent

statement also listed a maintenance fee. (*Id.*) A now-former staff member told Plaintiff he did not have to pay the maintenance fee due to his Section 8 status. (*Id.*) Approximately six months later, Plaintiff was told that he was responsible for this fee, but non-payment was not grounds for eviction. (*See id.* at 3.) Plaintiff reasoned that because he was on a tight budget, he could pay these fees incrementally until they were up to date. (*Id.*)

In June 2025, Creekside filed an unlawful detainer action in Defendant San Diego County Superior Court ("Superior Court"), requesting Plaintiff be evicted for failure to pay rent. (*Id.*) Petitioner answered the action on June 16, 2025 and explained the unpaid fees were for maintenance, not rent. (*Id.*) Creekside filed a request for dismissal, which led Plaintiff to believe the matter was settled. (*Id.*) In actuality, Creekside had not dismissed the action, and the matter was set for trial. (*Id.*) Creekside reportedly failed to serve Plaintiff with notice of the trial, and any proof of service is "wholly false." (*Id.*) Plaintiff contends the request for dismissal was a "ploy" to make him believe that the matter had ended. (*Id.* at 3.)

Plaintiff did not appear at trial and lost in default. (*Id.*) Plaintiff moved to remedy the default. (*Id.*) At the motion's hearing, the judge stated there was no default, but rather the landlord won at trial after presenting a case. (*Id.* at 3–4.) Plaintiff's motion was dismissed. (*Id.* at 4.) Plaintiff then requested a hearing, at which the landlord falsely stated Plaintiff had not paid rent since January 2025. (*Id.*) In actuality, Plaintiff's May 2025 rent was returned and no other rent payment was accepted. (*Id.*)

Plaintiff ultimately contends Creekside unlawfully evicted Plaintiff, which the Superior Court upheld. (*Id.*) He alleges violations of (1) 42 U.S.C. § 2000a-3; (2) 42 U.S.C. § 3604; (3) 42 U.S.C. § 3605; (4) 42 U.S.C. § 1983; and (5) California Government Code § 12921; and (6) negligent infliction of emotional distress; and (7) intentional infliction of emotional distress. (*Id.* at 1, 4.)

## II. LEGAL STANDARD

An IFP complaint must be screened by the Court. 28 U.S.C. § 1915(e)(2). The Court must sua sponte dismiss an IFP complaint that is frivolous or malicious, fails to state

a claim, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The standard for determining whether an IFP complaint fails to state a claim under § 1915(e)(2) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While the Court has an obligation to construe pro se pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it may not "supply essential elements of [claims] that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## III. DISCUSSION

### A. 42 U.S.C. § 2000a-3

Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*, provides: "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." *Floyd v. Saber Fitness Hegenberger, LLC*, No. 24-CV-01278, 2024 WL 2971669, at *8 (N.D. Cal. June 11, 2024) (citing 42 U.S.C. § 2000a(a)). A "place of public accommodation" is defined under the statute as "establishments that affect interstate commerce or are supported in their activities by state action, such as 'lodgings; facilities principally engaged in selling food for consumption on the premises; gasoline stations; places of exhibition or entertainment; [and] other covered establishments.'" *Ford v. Surprise Fam. Urgent Care Ctr., LLC*, No. CV 10-1920, 2011 WL 13137866, at *2 (D. Ariz. Sep. 6, 2011) (citing 42 U.S.C. § 2000a(b)). "Places of public accommodation"

include in part: "any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence." 42 U.S.C. § 2000a(b)(1). "Section 2000a-3 creates a private cause of action to enforce § 2000a," of which "[o]nly injunctive and declaratory relief (and attorney's fees) may be awarded." *Evans v. Holiday Inns*, 951 F. Supp. 85, 86 (D. Md. 1997) (citation omitted).

Here, Plaintiff failed to sufficiently allege a § 2000a-3 claim. First, Plaintiff fails to establish that Creekside is a place of public accommodation. "Despite the seemingly broad language 'affect interstate commerce,' courts have interpreted the definition of places of public accommodation relatively narrowly, generally adhering to the three categories outlined in the statute: lodgings, restaurants, and entertainment facilities." *Ford*, 2011 WL 13137866, at *2. Further, the statute explicitly excludes buildings which contain more than five rooms for rent or hire and which are "actually occupied by the proprietor of such establishment as his residence." 42 U.S.C. § 2000a(b)(1). Here, Creekside is an apartment complex which rents out units. The Amended Complaint fails to show Creekside qualifies as a place of public accommodation. Second, Plaintiff fails allege sufficient facts that he faced discrimination or segregation based on his race, color, religion, or national origin from either Defendant. Although Plaintiff alleges Creekside discriminated against him "either because of his race, disability, or economic status," (Am. Compl. 4), such a conclusory statement does not suffice. *Iqbal*, 556 U.S. at 678. Instead, Plaintiff must allege *facts* that "would demonstrate that such a claim is plausible on its face" against each Defendant. *See Levy v. Palm Springs Pub. Libr.*, No. 13-CV-1412, 2013 WL 3773952, at *2 (E.D. Cal. July 17, 2013). Thus, Petitioner has not sufficiently pled a claim under § 2000a-3.

Additionally, § 2000a-3(c) requires plaintiffs to "give written notice of the alleged act of discrimination to the appropriate state or local agency if the state has a law prohibiting the alleged conduct," which California does. *Floyd*, 2024 WL 2971669, at *8

(citing Cal. Civ. Code §§ 51, 52). Plaintiff may not "file suit under § 2000a until 30 days after he files written notice of the alleged discrimination." *Id.* Plaintiff does not allege that he followed this jurisdictional requirement, and thus, Plaintiff's claim may be defective. *Id.* (citation omitted). For these reasons, the Court **DISMISSES** the § 2000a-3 claim.

**B. Fair Housing Act Claims (42 U.S.C. §§ 3604, 3605)**

The Fair Housing Act ("FHA") "makes it illegal to discriminate on an impermissible ground in the sale or rental of housing, in residential real estate-related transactions, or in the provision of brokerage services." *Carey v. Torres*, No. 24-CV-07354, 2024 WL 5191978, at *4 (N.D. Cal. Dec. 20, 2024) (42 U.S.C. §§ 3604–06). Section 3604(a) of the FHA makes it unlawful to "make unavailable or deny a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Section 3604(b) makes it unlawful "[t]o discriminate against any person in terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, or national origin." *Id.* § 3604(b). To state a claim under § 3604(b), a plaintiff must show that he was subjected to different "terms, conditions, or privileges because of a protected status." *Carey*, 2024 WL 5191978, at *4 (citation omitted).[1]

The FHA also makes it "unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605. To state a claim under § 3605, a plaintiff must plead that (1) he was a member of a protected class; (2) he "attempted to engage in a 'real estate-related transaction' with [the defendants], and met all relevant qualifications for doing so"; (3) the defendants "refused to transact business with the plaintiff[] despite [his] qualifications";

---

[1] Although Plaintiff does not specify which provision of § 3604 he intends to bring, the Court's analysis applies to both.

and (4) "the defendants continued to engage in that type of transaction with other parties with similar qualifications." *Cederberg v. NW Priority CU*, No. 17-CV-1552, 2018 WL 1513663, at *2 (D. Or. Mar. 27, 2018) (citation omitted).

However, as stated above, (*see supra* II.B), "Plaintiff brings no specific factual allegations concerning discrimination in any areas under the FHA." *Carey*, 2024 WL 5191978, at *4. Plaintiff's singular, conclusory allegation that he was discriminated against because "either . . . his race, disability, or economic status" is insufficient to satisfy the 12(b)(6) pleading standard for either statute. Accordingly, the § 3604 and § 3605 claims are **DISMISSED**.

**C. 42 U.S.C. § 1983**

Section 1983 does not create itself create any substantive rights, but rather "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (citations omitted). To state a claim for relief under § 1983, a plaintiff must sufficiently allege "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Id.*

Here, Plaintiff's § 1983 claim fails because he has not sufficiently alleged a violation of federal or constitutional law. It appears the § 1983 claim is based on the alleged violations of the FHA; however, because the FHA claims fail, so does the § 1983 claim based on the same conduct. *Elliott v. San Diego Hous. Comm'n*, No. 25-CV-002454, 2026 WL 970241, at *4 (S.D. Cal. Apr. 10, 2026). To the extent Plaintiff intended to allege an independent basis for the § 1983 claim, the Amended Complaint is void of any such allegations. Additionally, his § 1983 claim may not be based on a violation of state law.

*Baker v. City of San Diego*, 463 F. Supp. 3d 1091, 1099 (S.D. Cal. 2020). For these reasons, the § 1983 claim fails and is **DISMISSED**.[2]

**D. State Law Claims**

The Court dismisses Plaintiff's state law claims (violation of California Government Code § 12921 and negligent and intentional infliction of emotional distress) for lack of jurisdiction. Federal question jurisdiction applies only to the federal law claims, which are now dismissed. Plaintiff has the burden to show the Court also has jurisdiction over the remaining claims, either through supplemental or diversity jurisdiction. Plaintiff fails to sufficiently allege either. Thus, the state law claims are **DISMISSED**.[3]

## IV. CONCLUSION

Based on the foregoing, the Court **DISMISSES** the Amended Complaint **with leave to amend**. Petitioner may file a Second Amended Complaint to cure the defects described above no later than **twenty one (21) days** from the date this Order is entered.

**IT IS SO ORDERED.**

Dated: August 3, 2026

Hon. Dana M. Sabraw
United States District Judge

[2] In light of this determination, the Court declines to determine whether the other elements have been pled or whether immunity applies to either defendant.

[3] Similar to above, the Court does not decide whether the state law claims are sufficiently pled.